The Honorable Cliff Hoofman State Senator Box 1038 N. Little Rock, AR 72115-1038
Dear Senator Hoofman:
You have requested an official Attorney General's opinion concerning a retired police officer's participation in LOPFI.
More specifically, you indicate that a particular police officer retired in 1995 after 20 years of service with the North Little Rock Police Department. During his service with the Department, he participated in the local police pension fund. After he retired, he went to work for the Pulaski County Sheriff's Department, where he worked through the year 2000, during which time he participated in the Arkansas Public Employees' Retirement System (APERS). He has now been rehired by the North Little Rock Police Department as its Chief of Police.
Your questions about this situation are:
 (1) Does A.C.A. § 24-11-421(a) require that the City of North Little Rock re-enroll this police officer in the local police pension fund, even though he has fully vested in that retirement system and has begun receiving his retirement benefits?
 (2) Is the fact that the police officer has returned to North Little Rock as the Chief of Police a sufficient distinction to treat him as a new hire who should be enrolled in LOPFI?
RESPONSE
Question 1 — Does A.C.A. § 24-11-421(a) require that the City of NorthLittle Rock re-enroll this police officer in the local police pensionfund, even though he has fully vested in that retirement system and hasbegun receiving his retirement benefits?
It is my opinion that A.C.A. § 24-11-421(a) does not require that the City of North Little Rock re-enroll this police officer in the local police pension fund. Indeed, it is my opinion that this police officer may not re-enroll in the local pension fund.
Although Arkansas law does not prohibit retired police officers from returning to work for the police departments from which they retired, it does not authorize them to re-join their old retirement systems. The act of rejoining a retirement system after retirement is widely regarded in most retirement systems as impermissible unless expressly authorized by statute. The Arkansas legislature has authorized rejoining after retirement in only one retirement system — local fire pension funds. See
A.C.A. § 24-11-827 (Supp. 1995). (It should be noted that under that statute, the retirant's benefits cease during the period of re-employment.) It is my opinion that if the legislature had intended to permit local police retirement fund members to rejoin their funds after retirement, it would have expressly provided for such a course of action. The provisions of A.C.A. § 24-11-401 through -433, which govern local police retirement funds, do not do so.
I am aware that it may be argued that A.C.A. § 24-11-421 implicitly authorizes and requires retirees to re-join their local retirement systems. That provision states:
 (a)(1) In the event a former member again becomes an employee of the same police department where previously employed, the police officer shall again become a member of the system, and the credited service forfeited by him shall be restored to his credit, but only if he returns to the fund the amount refunded to him, plus interest from the date of withdrawal to the date of repayment.
A.C.A. § 24-11-421(a)(1).
It is my opinion that the above-quoted provision does not refer to retirees. Rather, it refers, in my opinion, to former employees who left the system for reasons other than retirement. I have previously so opined with regard to A.C.A. § 24-11-816(b)(1), which is the analogous provision for local fire fighters. See Op. Att'y Gen. No. 2001-121. I based my conclusion in that opinion, as I do here, in part upon the fact that the language of the statute refers to the restoration of forfeited credit, which would be an issue only with non-retirees. I also found it pertinent that at the time A.C.A. § 24-11-816(b)(1) was enacted (1951), fire fighters were not authorized to come out of retirement and re-join their retirement systems. This lack of authorization to come out of retirement and re-join a retirement system was evidence that the legislature was not contemplating retirees when it enacted A.C.A. § 24-11-816(b)(1), requiring "former members" to re-join their local systems. The same reasoning applies to A.C.A. § 24-11-421. That is, because police officers have not been authorized to come out of retirement and re-join their retirement systems, the legislature likely was not contemplating retirees when it referred in A.C.A. § 24-11-421 to "former members."
For these reasons, therefore, I conclude that police officers who are retired under a local police pension fund may not come out of retirement and re-join the local fund.
The question then arises as to whether retirees who return to work for their previous employers may join LOPFI.
In Opinion No. 2001-121, I opined that the legislature simply has not addressed that question with regard to fire fighters. I pointed out that one possible reason it had not done so was that it was so unlikely that any retiree would opt to join LOPFI, in which he would be required to meet more stringent vesting requirements, rather than re-joining the local system, in which he had already vested and could accrue further years of credited service. Cf. Op. Att'y Gen. No. 90-208. Nevertheless, I acknowledged that a scenario could exist in which a retiree would prefer to join LOPFI. I concluded in Opinion No. 2001-121, on the principle of consistency, that if the legislature did address the issue with regard to fire fighters, it would treat retired fire fighters just as it had treated other "former members" and require them to re-join the local system. There would be no logical or practical reason to treat the two groups differently.
The situation involving police officers is different in this regard from that of fire fighters. Police officers simply are not authorized to come out of retirement and re-join their local retirement funds. Arkansas law does not, however, prohibit them from joining another retirement system. It is therefore my opinion that they may join LOPFI.
My conclusion is reinforced by the LOPFI statutes. The pertinent provision states:
 (a) Each political subdivision without a relief fund in effect on the operative date may elect, by a majority vote of its governing body, to become an employer and cover its employees under the system, as follows:
* * *
 (b) Each political subdivision with a relief fund in effect on the operative date shall become an employer on the operative date and cover its employees under the system, as follows:
 (1) An employer with a relief fund covering police officers shall cover its future police officers[.]
A.C.A. § 24-10-302.
In my opinion, the police officer whom you have described constitutes a "future police officer" within the meaning of the above-quoted statute, and may therefore participate in LOPFI.
Question 2 — Is the fact that the police officer has returned toNorth Little Rock as the Chief of Police a sufficient distinctionto treat him as a new hire who should be enrolled in LOPFI?
This question appears to arise out of the language of A.C.A. §24-10-301, which states:
(a) The membership of the system shall include the following persons:
* * *
 (2) If his employer had its police officers covered by a relief fund on the operative date, each person first employed as a police officer on or after the operative date shall become a member of this system and not be a member of the relief fund[.]
A.C.A. § 24-10-301(a)(2).
Your position appears to be that if the police officer in question can be deemed to have been "first employed" (within the meaning of the above-quoted provision) when he was employed as the Chief of Police, he would be entitled to participate in LOPFI.
It is my opinion that plausible arguments could be made both for and against such an interpretation. In any event, for the reasons stated in response to Question 1, this interpretation, in my opinion, is not necessary in order to conclude that this police officer may participate in LOPFI.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh